UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re PPOA HOLDING, INC., et al.,           CASE NO. 10-10711-BKC-JKO
                                            CHAPTER 11
     Debtors.                               (JOINTLY ADMINISTERED)
_____/

KENNETH A. WELT, not individually
but as Creditor Trustee of the
PPOA Holding Creditor Trust,

     Plaintiff,

v.                                          CASE NO. 12-61250-CIV-COHN
                                            (ADV. NO. 12-01034-BKC-JKO)
R. PATRICK CALDWELL, KEITH J. ENGEL,
FRANK E. JAUMOT, LARRY G. MOELLER,
CHARLES E. PETERS, JR., NEIL E.
SCHWARTZMAN, HENRY H. SHELTON,
BRIAN L. STAFFORD, RICHARD P.
TORYKIAN, SR., DEON VAUGHAN,
and JASON A. WILLIAMS,

     Defendants.
_____/

## ORDER REGARDING DEFENDANTS' MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT

**THIS CAUSE** is before the Court on Defendants' Motion to Withdraw the Reference to an Adversary Proceeding [DE 1]. The Court has carefully considered the Motion, Plaintiff's Response [DE 2-5 at 1-19], and Defendants' Reply [DE 2-7], as well as the supporting record materials filed by the parties, and the Court is otherwise fully advised in the premises.

On January 11, 2012, the Chapter 11 Trustee for PPOA Holding, Inc., ("PPOA") and four related debtors (collectively, "Debtors") filed this adversary proceeding against several former officers and directors of PPOA (together, Defendants"). In general, the Trustee's Complaint alleges that Defendants breached various fiduciary duties to

Debtors and engaged in other misconduct in the handling of Debtors' corporate affairs, resulting in substantial losses of company assets. The Complaint pleads eight counts against Defendants and seeks a variety of legal and equitable remedies. Some of these claims arise under the Bankruptcy Code, while others are based on state law. On April 20, 2012, Defendants filed in the Bankruptcy Court their Motion to Withdraw the Reference.[1] On June 21, 2012, Defendants' Motion was transmitted to and filed in this Court.

A district court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d). The Eleventh Circuit has emphasized that the need to show cause for withdrawing a bankruptcy reference "is not an empty requirement." Dionne v. Simmons (In re Simmons), 200 F.3d 738, 741 (11th Cir. 2000). Rather, in determining whether sufficient cause exists for withdrawing a reference, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." Id. at 742 (internal quotation marks omitted).

Here, Defendants move to withdraw the reference of this action both for trial and for rulings on dispositive motions. Defendants note that the Trustee has demanded a jury trial on Counts I and II of the Complaint (relating to breach of fiduciary duties) and

---

[1] In accordance with a standing order, all bankruptcy-related cases in this District are referred to the Bankruptcy Court. See S.D. Fla. L.R. 87.2; Admin. Order 2012-25 (S.D. Fla. Mar. 27, 2012). A party, however, may move to withdraw the reference. See S.D. Fla. L.R. 87.3.

2

that Defendants "do not consent to having the Bankruptcy Court conduct the jury trial." DE 1 at 2; see 28 U.S.C. § 157(e).  Defendants further contend that Stern v. Marshall, 131 S. Ct. 2594 (2011), precludes the Bankruptcy Court from adjudicating the Trustee's claims against Defendants here.  See Stern, 131 S. Ct. at 2611 (suggesting that a bankruptcy court may lack constitutional authority to enter a final judgment on claims that are "independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy").  Moreover, Defendants assert that many counts in the Complaint are "non-core" claims for which this Court must enter any final judgment.  See 28 U.S.C. § 157(c)(1).  Defendants also maintain that all of the Trustee's claims are based on the same alleged conduct by Defendants.  Thus, according to Defendants, interests of efficiency and uniformity support withdrawing the reference for all claims alleged in the Complaint.

The Trustee agrees with Defendants that the reference should be withdrawn to permit a jury trial on Counts I and II.  The Trustee argues, however, that the reference should not be withdrawn for trial of Counts III through VII of the Complaint (relating to avoidable transfers) because (1) no party has demanded a jury trial on those claims and (2) five of the eleven Defendants have waived their jury-trial rights by filing a proof of claim in Debtors' bankruptcy case.  Further, the Trustee objects to withdrawing the reference for trial of Count VIII of the Complaint (objection to and/or subordination of Defendants' bankruptcy claims) since that count "may be resolved in the process of allowing or disallowing claims, a task normally reserved for bankruptcy judges." DE 2-5 at 2-3.  Finally, although the Trustee asserts that Stern does prevent the Bankruptcy Court from deciding dispositive motions in this case, he nonetheless suggests that such

motions could be referred to the Bankruptcy Court for proposed findings of fact and conclusions of law or for a report and recommendation.

As evident from this discussion, the parties' arguments concerning withdrawal of the reference raise several interrelated issues involving the nature of the specific claims asserted, the various parties' rights to a jury trial on those claims, and the potential application of Stern to this action.  The Court notes that in the Bankruptcy Court, Defendants have filed a Motion to Dismiss the Trustee's Complaint in its entirety [BKC DE 13], and it appears that briefing was recently completed on that motion.  To allow this Court to make a more informed decision on the present Motion, and recognizing that the ruling on Defendants' dismissal motion may clarify the claims in this case, the Court will defer ruling on the motion to withdraw the reference, with one exception.  In view of the uncertainty regarding Stern's application to the claims alleged here, and given the Bankruptcy Court's familiarity with these proceedings, this Court respectfully requests that the Bankruptcy Court issue a report and recommendation on Defendants' pending Motion to Dismiss.  See Stettin v. Centurion Structured Growth LLC, No. 11-60400-CIV, 2011 WL 7413861, at *4 (S.D. Fla. Dec. 19, 2011) (referring dispositive motions to bankruptcy court for report and recommendation "in an abundance of caution," due to "the uncertainties concerning the extent of [Stern's] application").

Last, the Court notes that neither side asks the Court to withdraw the reference for non-dispositive pretrial motions.  And nothing in Stern even arguably suggests that the Bankruptcy Court may not preside over discovery and other non-dispositive pretrial matters.  Cf. Stettin v. Regent Capital Partners, LLC (In re Rothstein, Rosenfeldt, Adler, P.A.), No. 11-62612-CIV, 2012 WL 882497, at *3 (S.D. Fla. Mar. 14, 2012) ("[W]hat is

certain is that the Supreme Court did not intend to deprive the bankruptcy courts of any role in dealing with fraudulent conveyance actions."). Because the Bankruptcy Court is already familiar with this action and the bankruptcy case to which it relates, interests of efficiency and uniformity weigh in favor of that Court continuing to oversee pretrial proceedings. See id. at *5 ("Leaving adjudication of this case with the Bankruptcy Court means that the discovery issues, settlement conferences, and motion practice will be supervised in this adversary proceeding most efficiently by the same court that is currently supervising the other adversary proceedings filed in connection with the bankruptcy estate.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Court's ruling on Defendants' Motion to Withdraw the Reference to an Adversary Proceeding [DE 1] is hereby **DEFERRED** until the resolution of Defendants' pending Motion to Dismiss [BKC DE 13];

2. Defendants' Motion to Dismiss is hereby **REFERRED** to United States Bankruptcy Judge John K. Olson for a report and recommendation; and

3. The Bankruptcy Court shall continue to handle all non-dispositive pretrial matters.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of September, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

United States Bankruptcy Judge John K. Olson
Counsel of record via CM/ECF